**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSHUA K. BRINK, #K9981**                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.  1:03cv148DMR-JMR**

**CAREW, et al.**                                            **DEFENDANT(S)**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the Court on Defendant Robert Carew's ("Carew") Motion [59-1] for Partial Summary Judgment, which was filed on March 15, 2005.[1]  The Plaintiff filed a Response [69-1] to the Defendants' Motion [59-1] for Partial Summary Judgment on April 21, 2005.  This Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds as follows:

<u>**STATEMENT OF CASE**</u>

The Plaintiff, Joshua K. Brink, filed this *pro se* suit on February 6, 2003, alleging violations of his federal civil rights pursuant to 42 U.S.C. § 1983 prior to his arrest for murder.  The Plaintiff asserts a number of violations of his constitutional rights in his Complaint [1-1] and Amended Complaint [29-1].

On April 26, 2000, the Plaintiff  was taken from his Ocean Springs, MS residence by Officer S. Freeman, handcuffed, and transported by patrol car to the scene of an investigation into the death of Rachel Bellman ("Bellman").  (Amended Complaint, p. 4; Defendant Carew's Motion for Partial Summary Judgment).  After arriving at the scene of the investigation, Defendants Carew and Dean Reiter ("Reiter") took the handcuffed Plaintiff out of and away from the patrol car and began to

---

[1]The Court notes that the remaining Defendant, Dean Reiter, has not been served.

interrogate the Plaintiff about his involvement in the disappearance and death of Bellman.  (*Id.*).  The Plaintiff repeatedly denied having any knowledge of the crime.  (*Id.*).

At this point, the parties' begin to diverge in their individual explanation of the events.  The Plaintiff alleges that he was led down a "dark overgrown driveway into a wooded area beside the house." (Amended Complaint, p.5). The Plaintiff further alleges that he was again questioned about the crime and was asked to confess.  (*Id.*).  When the Plaintiff again denied having any knowledge of the crime, Carew "struck" the Plaintiff in the head, which allegedly knocked the Plaintiff to the ground.  (Plaintiff's Response to Motion for Partial Summary Judgment, p. 2).  Defendant Carew admits that he "lightly slapped Brink one time with an open hand on his left cheek;" however, Carew's version of events does not make mention of a dark driveway beside the house or that the Plaintiff requested an attorney.  (Defendant Carew's Motion for Partial Summary Judgment). Defendant Carew alleges that the Plaintiff had nothing further to say and was led back to the patrol car; while, the Plaintiff alleges that Defendant Carew began to threaten the Plaintiff and demanded a full confession.  (Defendant Carew's Motion for Partial Summary Judgment; Plaintiff's Response, p. 2).  According to the Plaintiff, he again denied having any knowledge of the crime and again requested an attorney.  (Plaintiff's Response, p. 2).  At this point, the Plaintiff alleges that other officers and witnesses began approaching the driveway and that this prompted Carew to return the Plaintiff to the patrol car.  (*Id.*).

The Plaintiff was then transported to the Jackson County Sheriff's Department.  (Defendant Carew's Motion for Partial Summary Judgment; Plaintiff's Response, p. 2).  According to Carew, the Plaintiff at this point executed a waiver of rights form and made a video statement to Deputies Brett Tillman and Ken McClenic.  (Defendant Carew's Motion for Partial Summary Judgment).

According to the Plaintiff, before he signed the waiver of rights form, he was placed in Defendant Carew's office where Defendant Carew continued to threaten and interrogate the Plaintiff. (Amended Complaint, p. 6; Plaintiff's Response to Motion for Partial Summary Judgment, p. 2). The Plaintiff alleges that he ultimately agreed to make a statement in order to protect himself from further violence.  (Amended Complaint, p. 6).

The Plaintiff was indicted for Capital Murder, with the underlying felony of sexual battery, on June 1, 2000.  He was convicted of Capital Murder in February of 2002 and sentenced to life without parole.  The Mississippi Court of Appeals affirmed his sentence on June 15, 2004, and the Mississippi Supreme Court denied certiorari on December 9, 2004.  (Defendant Carew's Motion for Partial Summary Judgment, Exhibit 4).

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment."  *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97.  "The requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general

allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

## ANALYSIS

The allegations of the Plaintiff against Defendant Carew fall into three factual categories, listed as follows: (1) the Plaintiff alleges that he was subjected to excessive force when Defendant Carew slapped him while he was handcuffed, causing the Plaintiff to be knocked to the ground; (2) the Plaintiff alleges that his constitutional rights were violated because he was coerced into giving

-4-

a confession; and (3) the Plaintiff alleges that his constitutional right to counsel was violated when he was questioned by law enforcement officers concerning the crime, after he had requested an attorney.  The Plaintiff appears to advance two distinct legal theories of recovery, namely individual capacity claims and official capacity claims.  Each factual category and theory of recovery will be addressed below.  Defendant Carew's Motion for Partial Summary Judgment requests this Court to grant Summary Judgment on the Plaintiff's Fourth, Fifth, and Sixth Amendment claims, as well as on all state law claims, being assault and battery, and intentional infliction of mental distress.[2]

A.  Official Capacity Claims

The Plaintiff did not state in his Complaint or Amended Complaint that he was suing Defendant Carew in his official capacity; however, he did make reference to Robert Carew, as Captain, in the style of his complaints.  Accordingly, this Court would normally address the Plaintiff's claims as official capacity claims out of an abundance of caution.  However, in his Response [69-1] to Defendant Carew's Motion for Partial Summary Judgment, the Plaintiff states that

> After reviewing the documents recieved during discovery, Plaintiff agrees that there is no official policy in which (sic) violates the United States Constitution. Jackson County is not liable for the individual responsibilities of Robert Carew. Plaintiff's Complaint and Amended Complaint names Robert Carew, as Captain, cause (sic) that is what Plaintiff knows Carew to be.  Thus, in his <u>official capacity</u> (sic) should be excluded from this cause and summary judgment should be granted on <u>these</u> claims.

(Plaintiff's Response, p. 6-7) (emphasis in original).  In light of the Plaintiff's admission, this Court finds that the Defendant Carew's Motion [59-1] for Partial Summary Judgment should be

_____

[2]This Court notes that Defendant Carew specifically excepts the Plaintiff's Fourth Amendment excessive force claim from his request for summary judgment in his individual capacity.

granted as to the Plaintiff's official capacity claims against Defendant Robert Carew, and that all claims against Defendant Carew, in his official capacity, should be dismissed with prejudice.

B.  Individual Capacity Claims

The Plaintiff claims that his Fifth Amendment right against self-incrimination was violated because he was coerced into giving a confession in his capital murder case.  Defendant Carew argues that this claim is legally frivolous and summary judgment should be granted in his favor; because, it calls into question the validity of the Plaintiff's imprisonment and is thus barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Fifth Circuit, in the case of *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996), stated:

> In *Heck v. Humphrey*, the Supreme Court held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid <u>must first prove the conviction or sentence has been reversed, expunged, invalidated or otherwise called into question</u>. 512 U.S. 477, ---, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).  A § 1983 claim which falls under the rule in *Heck* is <u>legally frivolous</u> unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question.  *Boyd v. Biggers*, 31 F.3d 279, 283 (57th Cir. 1994).  (emphasis added).

*Id.* at 102.  Under this analysis, when a Plaintiff uses section 1983 to seek damages for an allegedly unconstitutional conviction and/or sentence, the district court must first determine whether a judgment in favor of the Plaintiff would imply the invalidity of the conviction or sentence; then, if such a result were to occur, the Plaintiff must show that his conviction and/or sentence has already been invalidated, overturned, or called into doubt, such as by the issuance of a writ of a habeas corpus, in order to state a claim.  *Boyd*, 31 F.3d at 283.

The Court in *Hamilton* said that "[s]tatements obtained through either physical or psychological coercion of a defendant in police custody violates that defendant's privilege against

self-incrimination, and thus cannot be used against him at trail." *Hamilton*, 74 F.3d at 130 (citing

*Miranda v. Arizona*, 388 U.S. 436, 478-79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966)).

Consequently, if the court found that the officers coerced the Plaintiff into a confession concerning

the capital murder, that judgment would necessarily imply the invalidity of his conviction on said

crime.  The Fifth Circuit has held that prosecutorial use of involuntary statements can never be

treated as harmless error.  *Harryman v. Estelle*, 616 F.2d 870, 875 n.12 (5th Cir. 1980), *cert.*

*denied*, 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980).

    In the Plaintiff's criminal trial, the prosecution certainly used his confession against him.

(*See* Defendant Carew's Motion for Partial Summary Judgment, Exhibit 4, *Brink* at 437).

Furthermore, the present case is a § 1983 case where the Plaintiff is seeking to recover damages.

(*See* Amended Complaint, p. 8).  Therefore, under *Heck*, the Plaintiff must prove his conviction

was reversed, expunged, invalidated or otherwise called into question.  The Plaintiff has failed to

offer such proof.  Thus, this Court finds that the Plaintiff's Fifth Amendment claim is legally

frivolous and summary judgment should be granted to Defendant Robert Carew on this claim.

    As to the Plaintiff's Sixth Amendment claim that he was questioned after requesting counsel,

this Court notes that the Plaintiff now admits that this claim is not actionable under 42 U.S.C. §

1983.  (Plaintiff's Response to Defendant Carew's Motion for Partial Summary Judgment, p. 6).  In

his Motion [59-1] for Partial Summary Judgment, Defendant Carew argues that the Plaintiff's Sixth

Amendment claim is frivolous because it calls into question the validity of the Plaintiff's

imprisonment and is thus barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In his

Response [69-1] to Defendant Carew's Motion for Partial Summary Judgment, the Plaintiff states

that "Plaintiff's purpose of stating these facts in his Complaint and Amended Complaint, was to

-7-

show the entire situation as it unfolded.  Defendant Carew's arguments on this claim are valid and summary judgment should be granted on <u>this</u> claim." (Plaintiff's Response, p. 6) (emphasis in original).   In light of the Plaintiff's admission, this Court finds that the Plaintiff's Sixth Amendment claim is legally frivolous and summary judgment should be granted to Defendant Robert Carew on this claim.

C.  State Law Claims

In his Response [69-1] to Defendant Carew's Motion for Partial Summary Judgment, the Plaintiff claims that he "has not filed a state claim so this issue needs no response." (Plaintiff's Response, p. 7).  However, Defendant Carew argues that the Plaintiff is essentially alleging a state law claim of assault and intentional infliction of emotional distress.  To the extent that the Plaintiff has alleged state law claims, this Court finds that they are barred by Mississippi's applicable statute of limitations.

The torts alleged against Defendant Carew, individually, of assault and battery and intentional infliction of emotional distress are both classified as intentional torts subject to a one (1) year statute of limitations.  Under Miss. Code Ann. § 15-1-35, "[a]ll actions for assault, [and] assault and battery ... shall be commenced within one (1) year next after the cause of action accrued, and not after.  Additionally, the Mississippi Court of Appeals also applies the one year statute to claims of limitations for intentional infliction of emotional distress.  *Slaydon v. Hansford*, 830 So.2d 686 (Miss. Ct. App. 2002).  *See also Washington v. Bell South Telecommunications, Inc.*, 203 F.Supp.2d 668 (S.D. Miss. 2001), *affirmed* 31 Fed. Appx. 159; *King v. Otasco, Inc.*, 861 F.2d 438 (5th Cir.1988).  The Plaintiff has alleged that the incident(s) giving rise to his alleged § 1983 claims against Defendant Carew occurred on April 26, 2000.  (See Amended Complaint).  However, the

Plaintiff did not file his original Complaint [1-1] until February 6, 2003, 2002, almost three (3) years later. The Plaintiff certainly knew the facts surrounding his arrest on April 26, 2000. Therefore, this Court finds that to the extent that the Plaintiff has alleged state law claims of assault and battery and intentional infliction of emotional distress, those claims are barred by the applicable statute of limitations and summary judgment should be granted in favor of Defendant Robert Carew on these claims.

## CONCLUSION

In sum, this Court finds that the Plaintiff has admitted that Defendant Robert Carew's Motion [59-1] for Partial Summary Judgment should be granted as to all claims brought against him in his official capacity. Likewise, this Court finds that the Plaintiff has admitted that his Sixth Amendment claim is legally frivolous and that Defendant Carew, in his individual capacity, is entitled to summary judgment. Furthermore, this Court finds that the Plaintiff's Fifth Amendment claim, brought against Defendant Carew in his individual capacity, is legally frivolous as they are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court further finds that to the extent that the Plaintiff has raised state law claims against Defendant Carew, those claims are barred by Mississippi's applicable statute of limitations. Based on the foregoing, it is the opinion of this Court that Defendant Carew's Motion [59-1] for Partial Summary Judgment should be granted. The only issue remaining is the Plaintiff's claims of excessive force, which will be determined at trial unless the parties can reach an agreement before that time.

This the   26th   day of July, 2005.



s/ John M. Roper, Sr.

-9-

CHIEF UNITED STATES MAGISTRATE JUDGE